**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chris Magis Nero, | No. CV-26-00078-TUC-RM |
| Plaintiff, | |
| v. | **ORDER** |
| PNC Bank NA, | |
| Defendant. | |

Plaintiff Chris Magis Nero©, who is proceeding pro se, initiated this action on February 9, 2026, by filing a Complaint (Doc. 1) and paying the filing fees (Doc. 2). Pending before the Court is Defendant PNC Bank NA's Motion to Dismiss (Doc. 10), Plaintiff's Motions for Injunctive Relief (Docs. 15, 18), Plaintiff's Motion for Leave to File Supplemental Opposition or for Leave to Amend (Doc. 20), and Defendant's Motion to Strike (Doc. 24). For the following reasons, Defendant's Motion to Dismiss and Motion to Strike will be granted, and Plaintiff's Motions will be denied.

## I.    Background

The Complaint alleges that "Plaintiff transmitted a written debt validation request and dispute to Defendant" pursuant to 15 U.S.C. § 1692g(b), but Defendant "failed to provide proper validation" and "continued collection activity, including credit reporting." (Doc. 1 at 2 ¶¶8-9.)[1] The Complaint further alleges that "Plaintiff elected arbitration pursuant to a binding arbitration agreement" but "Defendant ignored the arbitration

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

election." (*Id.* at ¶¶11-12.) The Complaint asserts four claims: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b); (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g(b); (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; and (4) violation of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2-4. (*Id.* at 3 ¶¶16-19.)  Plaintiff seeks "injunctive relief prohibiting Defendant from continuing credit reporting on the disputed account," in addition to "enforcement of the arbitration election."  (*Id.* at 3 ¶¶ 21-22.)

On April 13, 2026, Defendant filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 10). Defendant argues that dismissal is appropriate under Rule 12(b)(1) for lack of Article III standing to invoke this Court's jurisdiction, because Plaintiff brings this action as an assignee but fails to plead facts showing a valid assignment of the asserted claims. (*Id.* at 3.) Next, Defendant argues that the Complaint fails to state a claim on which relief can be granted under the FCRA, FDCPA, or RESPA, and that it fails to identify any valid arbitration agreement.  (*Id.* at 4-6.)   Defendant argues that the Complaint should be dismissed with prejudice, and Defendant requests an award of reasonable attorneys' fees.  (*Id.* at 7.)

On April 14, 2026, the Court issued an Order requiring Plaintiff to file a response to Defendant's Motion to Dismiss by May 13, 2026. (Doc. 12.) The Court warned Plaintiff that failure to respond may, under Local Rules of Civil Procedure ("LRCiv") 7.2(i), "be deemed a consent to the granting" of the Motion. (*Id.* at 2.)

Plaintiff thereafter filed a flurry of documents, but none of the filings respond to the arguments raised in Defendant's Motion to Dismiss. On April 17, 2026, Plaintiff filed a Notice of Filing Exhibit of Evidence (Doc. 13) and a Declaration (Doc. 14), along with over 200 pages of attached exhibits (Doc. 14-1). On May 22, 2026, Plaintiff filed a document titled "Clarification and Equitable Response," in which he asks the Court to "consider the substance of the record" and grant him leave "to supplement or amend the record" if additional clarification is needed. (Doc. 17.) On May 6, 2026, and May 29, 2026,

- 2 -

Plaintiff filed Motions for Injunctive Relief, one of which is accompanied by over 200 pages of attached exhibits. (Docs. 15, 18.)

On June 8, 2026, Defendant filed a Reply in Support of the Motion to Dismiss, arguing that dismissal with prejudice is warranted due to Plaintiff's failure to timely respond to the Motion to Dismiss. (Doc. 19.) Defendant further argues that Plaintiff's request for leave to supplement or amend the record should be denied because the deficiencies of the Complaint "are not curable through additional exhibits or declarations," and allowing amendment "would reward noncompliance with the [April 14, 2026] Order and further delay resolution of this case." (*Id.* at 6.)

On June 10, 2026, Plaintiff filed a Motion for Leave to File Supplemental Opposition to Defendant's Motion to Dismiss (Doc. 20), which Defendant opposes (Doc. 22). In the Motion, Plaintiff avers that he is the real party in interest with respect to the claims asserted in this action and that he does not seek to represent any other person or entity. (*Id.* at 1.) Plaintiff also argues that Defendant's Motion to Dismiss "does not fully address the documentary record filed in support of Plaintiff's claims." (*Id.* at 2.) Plaintiff requests leave to amend under Federal Rule of Civil Procedure 15 to correct any perceived pleading deficiency. (*Id.*) Defendant argues that Plaintiff's Motion should be denied in its entirety, because it is an "attempt to manufacture an opposition that Plaintiff never timely filed, and to revive a Complaint that suffers from incurable threshold defects." (Doc. 22.) Defendant contends that Plaintiff's "conduct in this case is consistent with a well-documented pattern of abusive and frivolous litigation across multiple courts." (*Id.* at 3.)

On June 25, 2026, Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. 23),[2] which Defendant moved to strike (Doc. 24). In the Response, Plaintiff argues that Defendant's Motion to Dismiss fails as it focuses on "procedural objections, standing challenges, and pleading sufficiency arguments" while ignoring the factual record and "the existence of a genuine controversy requiring judicial resolution." (Doc. 23.) Plaintiff asks the Court to deny Defendant's Motion, or alternatively, to grant Plaintiff leave to amend.

---

[2] The Clerk docketed the Response as a Motion because Plaintiff includes in the Response a request for leave to amend his Complaint.

(*Id.* at 3.) Defendant argues the Court should strike the Response because it "is an unauthorized sur-reply filed without leave of court" after the completion of briefing on Defendant's Motion to Dismiss. (Doc. 24.)

## II.    Motion to Strike

A motion to strike is proper under LRCiv 7.2(m)(1) if it "seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Plaintiff's June 25, 2026 Response (Doc. 23) was filed over a month after the deadline for filing a response to Defendant's Motion to Strike, and after Defendant had already filed a Reply in support of that Motion. Plaintiff failed to obtain leave of Court to file an untimely Response and, to the extent the Response is properly characterized as a surreply, Plaintiff failed to obtain leave of Court to file a surreply. Because Plaintiff's Response is not authorized by statute, rule, or court order, Defendant's Motion to Strike will be granted.

## III.    Motion to Dismiss

As an initial matter, because Plaintiff failed to timely respond to Defendant's Motion to Dismiss, the Court may summarily grant the Motion. *See* LRCiv 7.2(i) (if an "unrepresented party or counsel does not serve and file the required answering memoranda … such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."). The Court has, nevertheless, evaluated the arguments raised in Defendant's Motion to Dismiss and concludes that the Motion should be granted on its merits.

### a.    Rule 12(b)(1)—Lack of Article III Standing

#### i.    Legal Standard

This Court may exercise jurisdiction only in the context of actual "[c]ases," and "[c]ontroversies," U.S. Const. Art. III, § 2, Cl. 1. "For a legal dispute to qualify as a genuine case or controversy, at least one plaintiff must have standing to sue." *Dep't of Com. v. New York*, 588 U.S. 752, 766 (2019). To establish Article III standing, the plaintiff bears the burden of showing: (1) an "injury in fact" that is (2) "fairly traceable to the challenged

- 4 -

action of the defendant" and (3) "likely" to "be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation and alteration marks omitted). "[A]n assignee has the same injury as its assignor for purposes of Article III." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1291 (9th Cir. 2014).

"[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted). Unlike dismissal for failure to state a claim under Rule 12(b)(6), when considering a Rule 12(b)(1) motion, the Court's review is not limited to the allegations included in the Complaint; the Court may take into consideration any amendments, affidavits, or "further particularized allegations of fact deemed supportive of plaintiff's standing." *Id.*

### ii. Discussion

Plaintiff purports to bring this action as an assignee, claiming that "[a]ll rights, claims, causes of action, and interests … were validly assigned to Plaintiff prior to the commencement of this action." (Doc. 1 at 2 ¶¶5-6.) Defendant argues that Plaintiff has not established Article III standing because the Complaint "does not identify the assignor, does not describe any assignment agreement, and does not allege facts showing that any assigned rights include the statutory claims asserted in this case." (Doc. 10 at 3.)

Plaintiff has filed a plethora of exhibits (Doc. 14-1; Doc. 18-2), and those exhibits indicate that this dispute arises from PNC's servicing of a mortgage loan for which Plaintiff has not established any valid legal connection. The exhibits indicate that Kimberly Byrd is the borrower on a residential mortgage loan which has been flagged as past due (Doc. 14-1 at 61-64) and is secured by a property located at 2992 E. Casa Linda, Kingman, AZ 86409 (*see* Doc. 14-1 at 82). A document titled "Assignment of Claim" lists Kimberly Byrd as assignor and provides that the assignee is the Christopher Karls Sisneros Trust, with Chris Magis Nero© as Trustee. (*Id.* at 76.) The "Assignment of Claim" purports to assign "all rights, title, interest, and claim" in the residential mortgage loan, including "all rights to

enforce, extinguish, or monetize said account." (*Id.*)  The document is signed only by Kimberly Byrd and not by the lender, and it is legally ineffective to the extent it purports to assign any rights or interests in the mortgage loan. The document is also legally ineffective to the extent it purports to assign any legal claims, as it does not specify any such claims and it does not identify any consideration for the assignment.

Because Plaintiff has not identified a valid assignment of legal claims or any valid interest that he personally has in the mortgage loan at issue, he has failed to establish that he has suffered any "injury in fact" for purposes of Article III standing. *Lujan*, 504 U.S. at 560. Accordingly, the Court will grant Defendant's Motion to Dismiss under Rule 12(b)(1) for lack of Article III standing.

### b.  Rule 12(b)(6)—Failure to State a Claim

### i.  Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint, or any claim within it for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as true all well-pleaded factual allegations of the complaint and construe them in the light most favorable to the nonmovant. *Cousins v.*

*Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the court need not accept as true legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678.

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir. 1990). Generally, if a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). A court may, however, consider documents incorporated by reference in the complaint or matters of judicial notice without converting the motion to dismiss into a motion for summary judgment.[3] *Id.*

### ii.  Count 1: Violation of the Fair Credit Reporting Act

Count 1 of the Complaint alleges that Defendant "continued to furnish negative credit information after notice and dispute" and "violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)." (Doc. 1 at 2 ¶14, 3 ¶16.) Defendant argues that the Complaint does not establish any of the elements necessary to state a claim under the FCRA. (Doc. 10 at 4-5.)

The FCRA requires furnishers of credit information to correct or delete inaccurate information after conducting a reasonable investigation in response to a notice from a credit reporting agency of a dispute filed by a consumer. *See* 15 U.S.C. § 1681s-2(b); *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022). A consumer may sue for damages if a furnisher willfully or negligently violates the FCRA. 15 U.S.C. §§ 1681n, 1681o. To state a claim under the FCRA, a plaintiff must allege that a credit reporting inaccuracy existed in the plaintiff's credit report; that the plaintiff notified the credit reporting agency

---

[3] Plaintiff seeks to incorporate by reference an "Exhibit of Evidence" consisting of over 200 pages. (Doc. 13.) A document may only be incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. Here, Plaintiff does not refer to the exhibits in his Complaint nor has Plaintiff established the exhibits form the basis of his claims to allow for incorporation by reference. The Court finds that Plaintiff's "Exhibit of Evidence" cannot be considered for purposes of the Rule 12(b)(6) Motion to Dismiss.

of the inaccuracy; that the credit reporting agency notified the furnisher of the dispute; and that the furnisher failed to conduct a reasonable investigation or otherwise violated § 1681s-2(b). *Berrow v. Navient Solutions LLC*, 685 F. Supp. 3d 859, 865 (D. Ariz. 2023).

Here, Plaintiff's Complaint does not identify the credit information at issue, does not describe any inaccuracy that existed in Plaintiff's credit report, does not allege that Plaintiff notified a credit reporting agency of an inaccuracy, does not allege that the credit reporting agency notified Defendant of the dispute, and does not allege that Defendant failed to conduct a reasonable investigation or failed to correct or delete inaccurate information after such an investigation. Because the Complaint fails to plead facts establishing the elements of a claim under the FCRA, the Court will grant Defendant's Rule 12(b)(6) Motion to Dismiss with respect to Count 1.

### iii. Count 2: Violation of the Fair Debt Collection Practices Act

Count 2 of the Complaint alleges Defendant failed to respond to a "debt validation request and dispute" in violation of the FDCPA. (Doc. 1 at 2 ¶8-10.) Defendant argues that the Complaint fails to plausibly plead a claim under the FDCPA because it does not allege that Defendant is a debt collector and does not provide any details concerning the debt validation request allegedly sent to Defendant. (Doc. 10 at 5.)

The FDCPA requires debt collectors to send consumers written notice containing specified information about a debt within five days after the debt collector's initial communication with the consumer in connection with the collection of the debt. 15 U.S.C. § 1692g(a). If the consumer disputes the validity of the debt within thirty days after receipt of the notice, the debt collector must cease collection efforts until obtaining and mailing to the consumer "verification of the debt or a copy of a judgment, or the name and address of the original creditor." *Id.* § 1692g(b). A "debt collector" is anyone "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

Plaintiff's Complaint does not plead facts sufficient to establish that Defendant is a debt collector as that term is defined in § 1692a(6),[4] nor does the Complaint specify when Defendant's initial communication about the debt was sent, whether Defendant sent a § 1692g(a) notice, or whether Plaintiff disputed the debt within thirty days after receipt of such notice. Accordingly, the Complaint fails to state a claim on which relief can be granted under the FDCPA, and the Court will grant Defendant's Rule 12(b)(6) Motion to Dismiss with respect to Count 2.

### iv.    Count 3: Violation of the Real Estate Settlement Procedures Act

Count 3 of the Complaint alleges that Defendant violated RESPA, 12 U.S.C. § 2605, but fails to include any supporting factual allegations. (Doc. 1 at 3 ¶18.) Plaintiff fails to specify which provision of § 2605 Defendant allegedly violated and fails to identify any conduct by Defendant that allegedly violated § 2605. Accordingly, the Court will grant Defendant's Rule 12(b)(6) Motion to Dismiss as to Count 3.

### v.    Count 4: Violation of the Federal Arbitration Act

The final Count of the Complaint alleges a violation of the FAA, 9 U.S.C. §§ 2-4, claiming Plaintiff "elected arbitration pursuant to a binding arbitration agreement" and Defendant ignored the election. (Doc. 1 at 2-3 ¶¶11-12, 19.) The Complaint requests "enforcement of the arbitration election." (*Id.* at 3 ¶22.) Defendant argues that, to the extent Plaintiff is seeking to compel arbitration, he has failed to establish the existence of a valid arbitration agreement covering the dispute at issue. (Doc. 10 at 6.)

A party seeking to compel arbitration bears "the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). Plaintiff has failed to identify an arbitration agreement covering the dispute at issue. Accordingly, to the extent Plaintiff is seeking to

---

[4] The Court notes that Plaintiff attached to his first Motion for Injunctive Relief a letter purportedly from Defendant and addressed to Kimberly Byrd, averring that the owner of the mortgage loan at issue in this case is Freddie Mac, and that Defendant is the servicer of the loan. (Doc. 15-2 at 2.) Plaintiff has not established that the Court may consider the letter on a Rule 12(b)(6) Motion to Dismiss.

compel arbitration, Plaintiff has failed to meet his burden of proof.[5] The Court will grant Defendant's Rule 12(b)(6) Motion to Dismiss with respect to Count 4.

### IV. Leave to Amend

Defendant argues that Plaintiff's Complaint should be dismissed with prejudice. (Doc. 10 at 2.) Plaintiff seeks leave to amend the Complaint. (Doc. 20 at 2.)

Leave to amend under Federal Rule of Civil Procedure 15 should freely be given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A pro se litigant should be given an opportunity to amend a complaint before dismissal of the action if the deficiencies of the complaint could be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). However, the Court may deny leave to amend after considering factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, Plaintiff has not submitted a proposed amended complaint or explained how he could cure the deficiencies of his Complaint through the allegation of other facts. Plaintiff cannot establish Article III standing because this dispute concerns a mortgage agreement entered into by a third-party borrower, without any valid assignment of claims. Furthermore, Plaintiff's filings in this matter—including the hundreds of pages of exhibits that he has submitted for the Court's review—are replete with pseudo-legal gibberish, including language associated with sovereign citizen ideology. Plaintiff's litigation conduct in this case and in prior cases in this district demonstrates bad faith and abusive, vexatious litigation tactics.

Since 2014, Plaintiff has filed numerous meritless lawsuits in this district, has routinely disregarded court orders, and has barraged the Court and his opposing parties with frivolous motions. *See Christopher Karls Sisneros Estate et al. v. NEWREZ LLC*, No. CV-24-00553-TUC-JCH (D. Ariz. Apr. 9, 2025) (compiling cases); *see also Nero, et al.,*

---

[5] To the extent Plaintiff is attempting to assert a cause of action for damages for violation of the FAA, the FAA does not create such a cause of action.

*v. Lesher, et al.*, No. CV-25-00413-TUC-RM (D. Ariz. Aug. 29, 2025) (dismissing for lack of standing, lack of subject-matter jurisdiction, and Plaintiff's inability to litigate on behalf of the real party in interest). Given Plaintiff's lack of standing in this case and his history of abusive, bad-faith litigation, the Cout finds that granting leave to amend would be futile and would result in undue delay, prejudice to Defendant, and an unwarranted further expenditure of judicial resources.  Accordingly, Plaintiff's Complaint will be dismissed with prejudice, and Plaintiff's request for leave to amend will be denied.

### V.    Motions for Injunctive Relief

Plaintiff has filed two substantially identical Motions for Injunctive Relief. (Docs. 15, 18.) Defendant argues that Plaintiff's Motions should be denied because Plaintiff has not established the required elements for obtaining injunctive relief, and because the second Motion is duplicative without any change in circumstances warranting a successive filing. (Docs. 16, 21.)

A motion for preliminary injunctive relief cannot be granted unless there is a suficient relationship between the requested injunctive relief and the claims in the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Here, Plaintiff's Complaint is being dismissed and there are no claims pending. Accordingly, Plaintiff's Motions for Injunctive Relief are moot. Furthermore, Plaintiff has not satisfied the standard for obtaining preliminary injunctive relief. *See Winter v. Nat. Res. Defense Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Accordingly, Plaintiff's Motions for Injunctive Relief will be denied.

. . . .

. . . .

. . . .

. . . .

- 11 -

## VI.    Defendant's Request for Reasonable Attorneys' Fees

Defendant asks the Court to award it reasonable attorneys' fees and costs pursuant to the Court's discretion and A.R.S. §§ 12-341.01 and 12-349.[6] (Doc. 22 at 8.) Defendant argues that Plaintiff's "continued filing of meritless motions" has forced Defendant to "incur additional fees responding to filings that advance no cognizable claim." (*Id.*)

Pursuant to LRCiv 54.2(b), a party seeking attorneys' fees "must file and serve a motion for award of attorneys' fees and related non-taxable expenses (along with a supporting memorandum of points and authorities) within fourteen (14) days of the entry of judgment." LRCiv 54.2(c) describes the required contents of such a motion and its supporting memoranda. Defendant may, within 14 days of this Order, serve and file a motion for award of attorneys' fees, and Plaintiff will then have fourteen (14) days to serve and file a response. *See* LRCiv 7.2(c); LRCiv 54.2(b)(2). Any motion for attorneys' fees filed must cite the statutory or contractual authority upon which Defendant seeks an award of attorneys' fees.

## VII.    Vexatious Litigant Designation

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). To address such abuse, the All Writs Act, 28 U.S.C. § 1651(a), "provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski*, 500 F.3d at 1057. Before entering a pre-filing order, the Court must give the litigant notice and an opportunity to be heard; must compile "an adequate record for review"; and "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id.* Furthermore, the Court must narrowly tailor the vexatious litigant order to "closely fit the specific vice encountered." *Id.*

---

[6] This action was brought in federal court pursuant to the Court's federal-question jurisdiction. Defendant does not explain why state law would govern an award of attorney's fees in this Court.

Plaintiff has been repeatedly warned in prior cases that his litigant conduct may result in his designation as a vexatious litigant and in restrictions on his ability to initiate further filings in this district. *See, e.g.*, *Nero et al. v. Arizona, et al.*, No. CV-25-00107-TUC-AMM (D. Ariz. Oct. 28, 2025); *Christopher Karls Sisneros Estate, et al. v. NEWREZ LLC, et al.*, No. CV-24-00553-TUC-JCH (D. Ariz. Apr. 9, 2025); *Nero v. Beverly, et al.*, No. CV-24-00536-TUC-AMM (D. Ariz. Oct. 6, 2025).

The Court hereby provides notice to Plaintiff of its intent to enter a vexatious litigant order imposing pre-filing restrictions on him. The Court will afford Plaintiff an opportunity to respond to this Order and present any arguments he wishes to present as to why he should not be declared a vexatious litigant.

**IT IS ORDERED**:

1. Defendant's Motion to Strike (Doc. 24) is **granted**. Plaintiff's Response (Doc. 23) is **stricken** from the record.

2. Defendant's Motion to Dismiss (Doc. 10) is **granted**. Plaintiff's Complaint (Doc. 1) is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

3. Plaintiff's Motions for Injunctive Relief (Docs. 15, 18) and Motion to Amend (Doc. 20) are **denied**.

4. Within **thirty (30) days** of the date this Order is filed, Plaintiff may file a response addressing this Court's intent to declare him a vexatious litigant.

Dated this 4th day of August, 2026.

_____
Honorable Rosemary Márquez
United States District Judge